UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDAR KHEDRY-KIYARSI,<br><br>                            Petitioner,<br>v.<br>PATRICK DIVVER, et al.,<br><br>                            Respondents. | Case No.: 3:26-cv-0623-CAB-AHG<br><br>**ORDER PARTIALLY GRANTING WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Heidar Khedry-Kiyarsi's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] Petitioner claims he is being detained by immigration authorities in violation of the Fifth Amendment. [*Id*. at 14–15.] He seeks immediate release or, at minimum, a bond hearing before a neutral decisionmaker. [*Id*. at 15.] For the reasons below, the Court **PARTIALLY GRANTS** the request for a writ of habeas corpus and **ORDERS** that Petitioner receive an individualized bond hearing.

## I.    BACKGROUND

Petitioner is an Iranian citizen who was apprehended and detained by immigration officials after he entered the United States at or near Roma, Texas on February 21, 2025. [*Id*. at 6.] He was determined to be an inadmissible arriving alien under 8 U.S.C. § 1182(a)(6)(A)(i) and taken into Immigration and Customs Enforcement ("ICE") custody.

[*Id*. at 8.]   ICE issued a Notice to Appear on July 12, 2025 and initiated removal proceedings. [*Id*. at 6.]   Petitioner has had five master calendar hearings, and filed an application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture on October 13, 2025.  [Petition at 6.]  His individual merits determination is scheduled for May 11, 2026.  [Doc. No. 4 at 2.]  He has remained in custody since February 2025 pursuant to 8 U.S.C. § 1225(b)(2).  [*Id.*]

## II.  LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody.  Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  The petitioner bears the burden of demonstrating that he is in illegal custody.  *See Martinez v. Noem*, No. 25-CV-2740-BJCBJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III.  DISCUSSION

Petitioner argues that his prolonged detention without a bond hearing—nearly thirteen months—violates his Fifth Amendment right to due process.  [Petition at 14–15.]  Respondents counter that the relevant statutory language of § 1225(b)(2) and Supreme Court precedent require Petitioner's detention until his removal proceedings are resolved.  [Doc. No. 4 at 4–5.]   The Court has previously discussed that while Supreme Court precedent does establish that the *statutory language* of § 1225(b) mandates detention, the Supreme Court has not decided the *constitutional question* of whether indefinite detention is permitted.  *L.R.G. v. LaRose*, 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *5–6 (S.D. Cal. Jan. 16, 2026).

As to that constitutional question, this Court recently held in *L.R.G.* that a due process violation may occur when § 1225(b) results in practically indefinite civil detention. 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *6; *see Kydyrali v. Wolf*, 499 F.Supp.3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an

individualized bond hearing violates due process."). Respondents' position has also been questioned by the Ninth Circuit:

> We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so. Arbitrary civil detention is not a feature of our American government. "[L]iberty is the norm, and detention prior to trial or without trial is the carefully limited exception." Civil detention violates due process outside of "certain special and narrow nonpunitive circumstances."

*Rodriguez v. Marin*, 909 F.3d 252, 256–57 (9th Cir. 2018) (internal citation omitted) (alteration in original).

Though there is no brightline test for a violation, this Court and many others have used the *Banda* test which considers the following six factors to determine when detention under § 1225(b) violates due process: (1) the total length of detention to date, which is the most important factor; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in removal proceedings caused by the detainee; (5) delays in removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *Banda v. McAleenan*, 385 F.Supp.3d 1099, 1106 (W.D. Wash. 2019).

The first factor weighs in Petitioner's favor given he has been detained for over a year. *See Sibomana v. LaRose*, No. 22-CV-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) (finding that courts are typically wary of continued custody without a bond hearing when detention extends beyond one year). Regarding the second factor, which consists of "the anticipated duration of all removal proceedings—including administrative and judicial appeals[,]" Petitioner's individual merits hearing is not for another two months. *Banda*, 385 F.Supp.3d at 1119. Accordingly, the second factor favors Petitioner. As to the third *Banda* factor, "[t]he more that the conditions under which the [noncitizen] is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Id.* (second alteration in original). Petitioner's confinement is

similar to penal confinement because, as the Court explained with respect to the petitioner in *L.R.G.*, who was also detained at Otay Mesa Detention Center, Petitioner is detained "in a secure facility, guarded by armed personnel, and has restricted access to outdoor space, activities, and communication." No. 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *8. Thus, the third factor favors Petitioner.

Regarding the fourth factor, Respondents claim that Petitioner has made six requests for delay to hire counsel, file for asylum, and gather and file evidence. [Doc. No. 4 at 2.] As courts have repeatedly noted, "a petitioner's pursuit of defenses to removal should not be held against a determination that they are entitled to due process." *See, e.g.*, *Bayani v. LaRose*, 3:26-CV-266-JES-VET, 2026 WL 194748, at *3. (S.D. Cal. Jan. 26, 2026) (citing *Liban M.J. v. Sec'y of Dep't of Homeland Sec.*, 367 F.Supp.3d 959, 965 (D. Minn. 2019)). Thus, the fourth factor weighs only very slightly against Petitioner. *See id.* The fifth factor weighs against Petitioner as he does not allege that the government has caused any delays. Finally, the sixth factor is neutral as it is unclear what the result of Petitioner's removal proceedings will be.

In sum, factors one (the most important), two, and three weigh for Petitioner, while factors four and five weigh against him, and factor six is neutral. With three factors, including the most important factor, in his favor, and only two factors against him, the Court concludes that Petitioner's continued mandatory detention without a bond hearing violates his right to due process. Petitioner is entitled to an individualized bond hearing before an immigration judge.

///
///
///
///
///
///
///

## IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. The Court therefore **PARTIALLY GRANTS** the writ of habeas corpus and **ORDERS** Respondents to provide Petitioner an individualized bond hearing by **March 23, 2026**. Respondents shall update the Court on the result of the bond hearing by **March 24, 2026**.

It is **SO ORDERED**.

Dated: March 9, 2026

Hon. Cathy Ann Bencivengo
United States District Judge